IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MASSARO FAMILY LIMITED ) <br> PARTNERSHIP (PW TWO), ) <br> a Pennsylvania Limited Partnership, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAKER & TAYLOR, INC., ) <br> ) <br> Defendant. ) | Civil Action No.: 00-1234 <br><br> The Honorable Gary L. Lancaster |

### OBJECTION OF PLAINTIFF TO BILL OF COSTS

AND NOW comes Plaintiff above named, Massaro Family Limited Partnership (PW TWO) ("Massaro"), and files the following Objection to the Bill of Costs filed on behalf of Defendant, Baker & Taylor, Inc. ("B&T"), as follows:

1. The allegations contained in paragraphs 1 through 5 of B&T Memorandum and Bill of Costs are admitted.

2. Massaro, however, objects to what are identified as $4,189.65 in fees for "exemplification and copies necessarily obtained for use in the case," as said costs are not taxable pursuant to Title 28 U.S.C. § 1920.

3. A review of the materials submitted in support of this item of costs claimed by B&T to be taxable reveal that it is comprised of the following:

    a.  a statement from Haverford Systems of Philadelphia, PA for $2,354.00;

    b.  a statement from Haverford Systems in the amount of $529.65;

    c.  a statement from Courtroom Visuals for various computer design work in the amount of $1,247.00;

    d.  a statement from Courtroom Visuals for $59.00 for a wireless mouse.

4. The above itemized statements are attached to the Memorandum and Bill of Costs of B&T as Exhibit 3.

5. Such costs, however, are not taxable under 28 U.S.C. § 1920 as costs against Plaintiff for the following reasons, among others:

    a.  the Court provides at no charge electronic equipment for use by litigants in the presentation of their cases in Court and B&T has not demonstrated that the expenses represented by the statements from Haverford Systems were necessary;

    b.  B&T has failed to demonstrate that the "computer design" services represented by the invoices from Courtroom Visuals were necessary as said visuals were used primarily to support B&T's opening and closing arguments and were not necessary in order to present evidence to the jury that heard this case.

WHEREFORE, Massaro requests that the Clerk deny such costs as taxable in this matter.

            Respectfully submitted:

            FELDSTEIN GRINBERG STEIN & MCKEE

            By:_____
              Stanley M. Stein, Esquire
              Pa. I.D. No. 10577

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection of Plaintiff to Bill of Costs was served via First Class, U.S. Mail, postage prepaid, this 13th day of February, 2006, upon the following:

>Halsey G. Knapp, Jr., Esquire
>Foltz Martin, LLC
>Five Piedmont Center, Suite 750
>Atlanta, GA 30305
>
>Anthony Cillo, Esquire
>Cohen & Grigsby, P.C.
>11 Stanwix Street, 15th Floor
>Pittsburgh, PA 15222-1319

_____
Stanley M. Stein